UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FACTORY DIRECT WHOLESALE, LLC, a Georgia Limited Liability Company,<br><br>        Plaintiff,<br><br>    v.<br><br>ITOUCHLESS HOUSEWARES & PRODUCTS, INC., A California Corporation, d/b/a HOMEGADGETS,<br><br>        Defendant. | CIVIL ACTION NO.<br><br>1:18-CV-4091-CAP |

**O R D E R**

This action is before the court on the defendant's motion to dismiss [Doc. No. 4]. The plaintiff has filed a response in opposition [Doc. No. 13] and the defendant has filed a reply [Doc. No. 15]. The motion is now ripe for review.

**I. Factual Allegations**

The parties in this case are competing sellers on Amazon.com. The plaintiff's complaint contains five counts: Count I – Unfair Competition, Lanham Act § 43(A); Count II – Unfair Competition, Georgia Uniform Deceptive Trade Practices Act ("GUDTPA"); Count III – Unfair Competition, Georgia Fair Business Practices Act; Count IV – Tortious Interference with

Contractual Relations; and Count V – Tortious Interference with Business Relations.  According to the complaint, the plaintiff discovered that unauthorized changes were being made to its product listings on Amazon.com, including changing product descriptions, providing improper ASIN[1] variances, and changing product listing categories.  The complaint further alleges that a third party merged the plaintiff's product ASIN into a new product.  The plaintiff next alleges that it learned from Amazon that the changes were being requested by third parties who operate Amazon storefronts under the names "Halo" and "HomeGadgetDeals" whom the plaintiff contacted through Amazon.com and demanded that they cease unauthorized changes to the plaintiff's products.  Finally, the plaintiff alleges that it received no response to the demand and that the unauthorized changes continue to occur.  With respect to the defendant's involvement in the alleged wrongdoings, the plaintiff alleges that upon information and belief, the Halo and HomeGadgetDeals storefronts are operated and/or controlled by the defendant.  The plaintiff seeks monetary and injunctive relief.

---

[1] ASIN is the Amazon Standard Identification Number that is assigned by Amazon and included in a product's details and can be used to search for a particular product.  *See* Compl. at ¶9 [Doc. No. 1].

## II. Standard of Review

Rule 12(b)(6) allows for dismissal of a case when the complaint "fail[s] to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a Rule 12(b)(6) motion, the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d at 1317, 1321–22 (11th Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This requires more than mere "labels and conclusions, and a formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 555. The plaintiff must allege facts that "raise the right to relief above the speculative level." *Id.*

## III. Discussion

### A. Lanham Act Claim

The defendant contends that the act of requesting Amazon to make changes to product pages of another seller does not violate § 43(a) of the

Lanham Act because it does not qualify as a false association or false advertising. In response, the plaintiff addresses only false advertising under the Lanham Act.

> To state a claim for false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), a plaintiff must allege facts sufficient to support that: (1) the advertisements of the opposing party were false or misleading; (2) the advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresented product or service affects interstate commerce; and (5) the movant has been – or is likely to be – injured as a result of the false advertising.

*Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260—61 (11th Cir. 2004). Here, the only action alleged by the plaintiff is the defendant's request to Amazon to change the plaintiff's product information. The plaintiff alleges no facts regarding the defendant's advertisements. Moreover, the plaintiff makes no allegation that the changes made by Amazon at the defendant's request deceived or had the capacity to deceive consumers. Accordingly, the plaintiff fails to state a Lanham Act claim.

### B. GUDTPA Claim

The defendant contends that the act of requesting changes to product listings on Amazon does not qualify as a deceptive trade practice. While the complaint does not identify which subsections of the law it relies upon, the

4

response to the motion to dismiss does cite the following four subsections of

the GUDTPA:

> (a) A person engages in a deceptive trade practice when, in the course of his business, vocation, or occupation, he:
> . . .
> (2) Causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;
> (3) Causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another;
> . . .
> (5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have;
> . . .
> (8) Disparages the goods, services, or business of another by false or misleading representation of fact[.]

O.C.G.A. § 10-1-372.

Again, however, the plaintiff's allegations that the defendant contacted Amazon and requested changes to the plaintiff's product information do not even hint at deception. Importantly, the plaintiff's complaint never alleges that the changes that were made resulted in some falsity or misrepresentation to the consuming public. Accordingly, the plaintiff fails to state a claim under the GUDTPA.

**C. Georgia Fair Business Practices Act Claim**

The defendant contends that the plaintiff's failure to identify any false statements by the defendant and the absence of facts suggesting causation, reliance, and injury resulting from requests to change product listings are fatal to the plaintiff's Fair Business Practices Act claim. While not identified in the complaint, the specific code section under which the plaintiff is proceeding under in Count III is O.C.G.A. § 10-1-393.5(b)(1). That code section provides in pertinent part:

> [I]t shall be unlawful for any person who is engaged in telemarketing, any person who is engaged in any activity involving or using a computer or computer network, or any person who is engaged in home repair work or home improvement work to:
> (1) Employ any device, scheme, or artifice to defraud a person, organization, or entity[.]

As set forth above, the complaint is silent as to any fraudulent conduct by the defendant. The plaintiff alleges only that the defendant, as an Amazon seller, requested Amazon to make changes to the plaintiff's product information. There is no allegation that the defendant misrepresented itself to Amazon as the plaintiff or that the changes it requested were false or deceptive. Accordingly, the plaintiff fails to state a claim under the Fair Business Practices Act.

**D. Tortious Interference with Contract and Business Relations**

The defendant contends that because it is not a stranger to the seller contracts on Amazon, the plaintiff cannot state a claim for tortious interference with contract or tortious interference with business relations. Additionally, the defendant points out that the plaintiff has not set forth any actual "improper or wrongful conduct" by the defendant.

To recover on a claim of tortious interference with contract or business relations, a plaintiff must prove the following elements:

> (1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of contractual obligations or caused a party or third part[y] to discontinue or fail to enter into an anticipated business relationship with the plaintiff; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff.

*Tidikis v. Network for Med. Comm'ns & Research, LLC*, 619 S.E.2d 481, 486 (Ga. Ct. App. 2005).

In the complaint, the plaintiff asserts (1) a claim for tortious interference with contractual relations as to its agreements with Amazon and (2) a claim for tortious interference with business relations between it and customers of Amazon. However, the plaintiff has not made factual allegations of improper conduct or wrongful actions by the defendant in support of either claim. The plaintiff has alleged that the defendant

contacted Amazon and requested changes be made to listings belonging to the plaintiff and characterizes these requests as improper but makes no factual allegations to support these characterizations. In the absence of allegations that the actions by the defendant were somehow fraudulent or wrongful in some way, the claims for tortious interference fail.

### IV. Conclusion

Based on the foregoing, the defendant's motion to dismiss [Doc. No. 4] is GRANTED. This action is dismissed with prejudice, and the clerk is DIRECTED to terminate this civil action.

**SO ORDERED** this 29th day of November, 2018.

/s/CHARLES A. PANNELL, JR.
CHARLES A. PANNELL, JR.
United States District Judge